

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

Rochelle M. Navarro
Assistant United States Attorney

970 Broad Street, 7th Floor
Newark, New Jersey 07102

Phone: 973-645-2721

January 16, 2025

Pasquale F. Giannetta
475 Bloomfield Avenue
Newark, New Jersey 07107

   Re:  <u>Plea Agreement with Tony Crowe</u>  25-cr-561-ESK

Dear Mr. Giannetta:

  This letter sets forth the plea agreement between your client, Tony Crowe ("CROWE" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). **This offer will expire on February 14, 2025 if it is not accepted in writing by that date.** If CROWE does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from CROWE to a four-count Information. Count One charges CROWE with dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D). Counts Two and Three charge CROWE with possession of firearms and ammunition after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Count Four charges CROWE with distribution and possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

  If CROWE enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against CROWE for committing the following from on or about August 6, 2023 through on or about October 8, 2023: dealing firearms without a license;

unlawfully possessing, shipping, transporting, transferring, causing to be transported, or otherwise disposing of firearms and ammunition; or distributing or possessing with intent to distribute controlled substances.

However, if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against CROWE even if the applicable statute of limitations period for those charges expires after CROWE signs this agreement, and CROWE agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(a)(1)(A), 923(a) and 924(a)(1)(D) to which CROWE agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 922(g)(1) to which CROWE agrees to plead guilty to in Counts Two and Three of the Information carry a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 841(a)(1) and (b)(1)(C) to which CROWE agrees to plead guilty to in Count Four of Information carries a statutory maximum prison sentence of 20 years' imprisonment and a statutory maximum fine equal to the greater of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to CROWE.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon CROWE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This

Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence CROWE ultimately will receive.

Further, in addition to imposing any other penalty on CROWE, the sentencing judge as part of the sentence:

(1) will order CROWE to pay an assessment of $100 per count ($400 total) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461, and 21 U.S.C. § 853 of: (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation;

(3) may order CROWE to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

(4) may deny CROWE certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, may require CROWE to serve a term of supervised release of not more than three years on Counts One through Three, and must impose a term of supervised release of at least 3 years for Count Four which will begin at the expiration of any term of imprisonment imposed. Should CROWE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, CROWE may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of his acceptance of responsibility, CROWE agrees to forfeit to the United States: (i) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, any firearm

and ammunition involved in the commission of the offenses charged in Counts One through Three of the Information; and (ii) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in Count Four of the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, such property includes, but is not limited to:

(1) a Black Aces Tactical FD12 12 gauge shotgun, bearing serial number 21-BLP66173;
(2) five rounds of 12 gauge ammunition stamped "Remington ShurShot";
(3) a Palmetto State Armory PA-15 multi-caliber firearm, bearing serial number SCB008020;
(4) 20 rounds of .300 caliber ammunition stamped "Sig 300 BLK;"
(5) a Century Arms International VSKA 762 rifle, bearing serial number SV7050916; and
(6) 31 rounds of .762 ammunition stamped "Tulammo 7.62 X 3.9";

all of which CROWE acknowledges were involved in the commission of violations of 18 U.S.C. §§ 922(a)(1)(A) and (g)(1), 923(a) and 924(a)(1)(D); and, pursuant to 21 U.S.C. § 853, approximately $9,100 in United States currency, which CROWE acknowledges constitutes proceeds obtained directly as a result of the offenses charged in Counts One through Four of the Information (collectively, the "Forfeitable Property").

CROWE further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by him (the "Money Judgment"). CROWE consents to the entry of an order requiring him to pay the Money Judgment, and that such Order will be final as to him prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating CROWE's name and case number on the face of the check; and shall be delivered by mail to the United States

Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. CROWE further agrees that the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

CROWE waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, CROWE consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. CROWE understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. CROWE further understands that he has no right to demand that any forfeiture of CROWE's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. CROWE waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on CROWE by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of CROWE's activities and relevant conduct with respect to this case.

## Stipulations

This Office and CROWE will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may

reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and CROWE waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

CROWE understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. CROWE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. CROWE wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. CROWE understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, CROWE waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against CROWE. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against CROWE.

No provision of this agreement shall preclude CROWE from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that CROWE received ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between CROWE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

VIKAS KHANNA
Acting United States Attorney

By: RACHELLE M. NAVARRO
Assistant United States Attorney

APPROVED:

*[signature]*

Christopher Amore
Chief, Bank Integrity/Money Laundering & Recovery Unit

    I have received this letter from my attorney, Pasquale F. Giannetta, Esquire. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*[signature]*            Date: 2-19-25
Tony Crowe

    I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*[signature]*            Date: 2-19-25
Pasquale F. Giannetta, Esq.
Counsel for Defendant Tony Crowe

<u>Plea Agreement with Tony Crowe</u>

- 8 -

## Schedule A

1. This Office and Tony Crowe ("CROWE") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024, applies in this case.

### Count One: Dealing Firearms Without a License

3. The applicable guideline is U.S.S.G. § 2K2.1(a)(3) because at least one of the firearms involved in the offense was a semiautomatic firearm that is capable of accepting a large capacity magazine and CROWE committed the offense subsequent to sustaining a felony conviction for a controlled substance offense. This guideline carries a Base Offense Level of 22.

4. The offense involved at least six firearms. This results in an increase of two levels. See U.S.S.G. § 2K2.1(b)(1)(A).

5. The defendant possessed the firearm and ammunition in connection with another felony offense, specifically the distribution of controlled substances. U.S.S.G. § 2K2.1(b)(6)(B). This results in an increase of four levels.

6. Accordingly, the total offense level for Count One is 28.

### Counts Two and Three: Unlawful Possession of Firearms and Ammunition by a Convicted Felon

7. The applicable guideline is U.S.S.G. § 2K2.1(a)(3) because at least one of the firearms involved in the offense was a semiautomatic firearm that is capable of accepting a large capacity magazine and CROWE committed the offense subsequent to sustaining a felony conviction for a controlled substance offense. This guideline carries a Base Offense Level of 22.

8. The offense involved at least six firearms. This results in an increase of two levels. See U.S.S.G. § 2K2.1(b)(1)(A).

9. The defendant possessed the firearm and ammunition in connection with another felony offense, specifically the distribution of controlled substances. U.S.S.G. § 2K2.1(b)(6)(B). This results in an increase of four levels.

10.     Accordingly, the total offense level for Counts Two and Three is 28.

### Count Four: Distribution of and Possession with Intent to Distribute Controlled Substances

11.     The applicable guideline is U.S.S.G. § 2D1.1(c)(8) because CROWE is responsible for distributing or possessing with intent to distribute at least 40 grams but less than 160 grams of fentanyl. This guideline carries a Base Offense Level of 24.

12.     A dangerous weapon, namely firearms, was possessed. This results in a two-level increase. U.S.S.G. § 2D1.1(b)(1).

13.     Accordingly, the total offense level for Count Four is 26.

### Grouping of Multiple Counts

14.     Counts One, Two, Three, and Four group together into a single group. See U.S.S.G. § 3D1.2. The offense applicable to the group is 28. See U.S.S.G. § 3D1.3.

15.     As of the date of this letter, CROWE has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if CROWE's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

16.     As of the date of this letter, CROWE has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in CROWE's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) CROWE enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that CROWE's acceptance of responsibility has continued through the date of sentencing and CROWE therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) CROWE's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

17.     Accordingly, the parties agree that the total Guidelines offense level applicable to CROWE is 25 (the "Total Offense Level").

18.     The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total

Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

19.  If the term of imprisonment does not exceed 105 months, and except as specified in the next paragraph below, CROWE will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 84 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

20.  Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).